SOLIAI of Nuuuli, Plaintiff

v.

LEVU of Nuuuli, Defendant

No. 6-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Lalomato" in Nuuuli]

March 19, 1949

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and APE, *District Judge.*

DECISION

Heard at Fagatogo Monday, February 21, 1949.
Soliai *pro se;* Levu *pro se.*

MORROW, *Chief Justice.*

Levu of Nuuuli made application to the Registrar of Titles to have the land Lalomato in Nuuuli registered as the communal family land of the Levu title. A survey of the tract accompanied the application. Soliai of Nuuuli filed his objection to such proposed registration and claimed that the land was the communal family property of the Soliai title. Hence this litigation. Sec. 905 of the A. S. Code. Prior to the hearing the court viewed the land in the presence of the parties.

The Contractors began using this land as a stone quarry in 1940 and it has been used at various times since either by the Contractors or the Government for such purposes. It lies on the land side of the land side [sic] of the main highway running from the Naval Station to Leone and is adjacent to such highway. Objector Soliai's claim of title rests upon the occupation of this land by his sister and her husband beginning about 1904 or 1905. Leti, 66 years old, a resident of Nuuuli, an aiga of Soliai and his witness, testified that the disputed tract was bush prior to the occupation by Soliai's sister and her husband. It appears that such sister and her husband put in plantations on the land and that sometime thereafter, certainly before World War I,

441

they left it and went to Faganeanea to live. The husband had become the holder of Faganeanea [sic] title. Leti testified that their departure from the land was "Before World War I." He further testified that the Levu family had plantations on it after their departure and up until the time the Contractors began to make use of it in 1940 for purposes of a stone quarry. Not only did the Levu family have plantations on it but they took the breadfruit from it. He also testified that Soliai did not make any objection to the Levu people having plantations on it. Soliai testified that his sister and her husband went to live in Faganeanea when he (Soliai) was "only a young boy." Soliai is now 64. That means, conceding that he was as old as 20 at the time of their departure for Faganeanea, that they must have left in 1905. Taking his testimony and his witness Leti's testimony together, it is clear that the Levu people occupied the land for from 30 to 35 years prior to 1940 when the Contractors began to take rock from it. The testimony of Levu also bears out this conclusion.

 In the case of *Soliai v. Lagafua,* No. 5-1949 (Am. Samoa) we said "occupation coupled with a claim of ownership will establish ownership to what was bush land before occupation. See 2 Blackstone 8. The view that the occupant who first takes possession of land with the intention of having it as his own thereby becomes the owner of it is approved in Maine's Ancient Law (3rd Am. Ed.) at p. 238. This doctrine of acquisition of original title by (the) first occupant, accompanied by claim of ownership, was approved by this court in the case of *Faataliga v. Fano,* No. 80-1948 (Am. Samoa)." This court judicially knows that when the members of a Samoan family took possession of bush land and used it in the early days ownership was claimed not by such members in their own right but in behalf of their matai as the owner of the communal family property. Soliai's sister and her husband filed no objection

in this case and we must assume that they do not claim the land as owners. Soliai testified that when his sister and her husband entered upon the land and occupied it, they were living in the Levu family. In view of Samoan custom the presumption, in absence of evidence to the contrary, would be that the occupation and claim of ownership would be in behalf of the Levu title. There was no evidence whatever that they took possession in behalf of any other than the Levu title. Under these circumstances, the land became the property of the Levu title through original occupancy. We can reach no other conclusion from the evidence than that this land is the property of the Levu family.

■ If the Soliai ever did have any claim to this land it has long since been outlawed by operation of the Statute of Limitations since the evidence showed that the land was in the possession of the Levu people from prior to World War I to 1940 when the Contractors began to take rock from it. Such possession was actual, open, notorious, continuous, exclusive, and under a claim of title, and the Levu family became owners thereof, if they had not already acquired it through original occupancy which we believe they did. See *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607; *Vaimaona v. Mulitauaopele S.*, No. 67-1948 (Am. Samoa); *Puailoa v. Leapaga*, No. 64-1948 (Am. Samoa); *Soliai v. Lagafua*, No. 5-1949 (Am. Samoa); 2 Corpus Juris 251.

■ Sec. 905 of the A. S. Code provides that "when land is offered for registration, the offer shall be accompanied by a survey of the land proposed to be registered. The point of departure in such survey shall be either (a) tied in with an established naval coordinate or (b) be a concrete monument procured from or poured in place by the Public Works Department for that purpose and set at least three feet in the ground at the corner of the land." Neither of

these alternatives has been complied with. Until one of them has been complied with the land cannot be registered.

It is ORDERED, ADJUDGED and DECREED that the land Lalomato as shown in the survey accompanying the offer to register the same shall be registered as the communal family land of the Levu title upon satisfactory evidence being filed with the court that one of the two alternatives referred to in the quotation from Sec. 905 of the A. S. Code in the next preceding paragraph has been complied with. The Registrar of Titles will be advised of this decree.

Costs in the amount of $12.50 are hereby assessed against Soliai, the same to be paid within 15 days.